# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JOSHUA E. BOYD,

      Plaintiff,

 v.

EMERALD QUEEN CASINO, *et al.*,

      Defendants.

No. C09-5573/KLS

ORDER TO AMEND OR SHOW CAUSE

   This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis.* Dkt. 4. The case is before the Court upon review of Plaintiff's complaint. After reviewing the Complaint and balance of the record, the Court finds and orders as follows:

## DISCUSSION

   Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id.* While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Mr. Boyd appears to have failed to state a claim upon which relief can be granted.

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Mr. Boyd alleges only that the named defendants "worked together" to have him arrested. Dkt. 5, p. 3. This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's Complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered. In addition, Plaintiff must name the individuals who are responsible for causing him harm. It is not sufficient to merely name individuals in supervisory positions. He must name the individual defendants who violated his federal rights and he must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Mr. Boyd purports to sue the Emerald Queen Casino, a security guard at the Emerald Queen Casino, and tribal officers of the Puyallup Indian Tribe for false imprisonment after a charge of criminal trespass was brought against him in Tacoma Municipal Court. Dkt. 5, p. 3. Mr. Boyd alleges that a "Puyallup Tribal officer along with employees of the Emerald Queen had worked together . . . to charge [him] with a crime of criminal trespassing in the first degree in Tacoma Municipal Court (Case #B00229679) which was Dismissed with Prejudice." *Id.* Mr. Boyd further alleges that this has "created false imprisonment," that he has lost his reputation, "which has become cruel and unusual punishment under the 8th Amendment, and that he has been discriminated against. *Id.*

Although Mr. Boyd alleges that the Tacoma Municipal Court case was dismissed with prejudice, it remains unclear whether this action challenges the propriety of ongoing proceedings in state court, as Mr. Boyd also alleges that the actions of defendants resulted in his false imprisonment and Mr. Boyd is presently incarcerated at the Pierce County Jail. To the extent Mr. Boyd is challenging an ongoing criminal proceeding, he is advised that federal courts will generally not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45 46 (1971); see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

ORDER TO AMEND OR SHOW CAUSE- 4

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972). See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54.

Here, the Plaintiff has not plead any extraordinary circumstances warranting intervention by this Court in any ongoing state proceeding.

In addition Plaintiff has not included allegations in his complaint such that the actions of private parties, such as the Emerald Queen Casino, or its employees, can be considered the actions of the State of purposes of liability under 42 U.S.C. § 1983.

As discussed by the Ninth Circuit:

> Conduct that is actionable under the Fourteenth Amendment as State action is also action under color of State law supporting a suit under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.' " *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)).
>
> * * *
>
> "[No] one fact can function as a necessary condition across the board ... nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason...." *Brentwood,* 531 U.S. at 295-96, 121 S.Ct. 924, 148 L.Ed.2d 807. Because of the fact-intensive nature of the inquiry, courts have developed a variety of approaches to the State actor issue. See *id.* at 296, 531 U.S. 288, 121 S.Ct. 924, 148 L.Ed.2d 807 (listing seven approaches to the issue including the

ORDER TO AMEND OR SHOW CAUSE- 5

coercion test, the joint action test, the public function test, and the entwinement test).

*Lee v. Katz*, 276 F.3d 550, 554 (9th Cir.2002).

The 'public function test' examines whether the private entity performs a function which is 'exclusively reserved to the State.' *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 158 (1978). Under the 'state compulsion test,' a private actor's conduct is attributable to the State when it exerts coercive power over the private entity or provides significant encouragement. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170-71 (1970). The 'nexus' or 'state action test' considers whether the State has inserted 'itself into a position of interdependence with the [private actor, such] that it was a joint participant in the enterprise. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357-58 (1974); see also *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982). Under the 'joint action test,' private actors will be considered state actors where they are 'willful participant[s] in joint action with the State or its agents.' *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

In his complaint, Mr. Boyd states only that "employees of the Emerald Queen Casino" worked together with the Puyallup Tribal officer in having him charged with criminal trespass. Dkt. 5, p. 3. Mr. Boyd has failed to state a claim against the Emerald Queen Casino and/or its employees under § 1983 because he has failed to allege facts from which it may be inferred that they were acting under color of state law.

Mr. Boyd has also failed to allege a claim of cruel and unusual punishment under the 8th Amendment. While the eighth amendment proscribes cruel and unusual punishment for convicted inmates, the due process clause of the fourteenth amendment proscribes any punishment of pretrial detainees ." *Redman v. County of San Diego*, 942 F.2d 1435, 1441, n. 7

ORDER TO AMEND OR SHOW CAUSE- 6

(9th Cir.1991). Mr. Boyd alleges only that he is or was being subjected to cruel and unusual punishment by being falsely imprisoned. The court concludes that this is insufficient to support a claim for cruel and unusual punishment.

Mr. Boyd's claim that he was the subject of discrimination is also deficient. The Equal Protection Clause provides, in part, that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of its laws." U.S. Const. amend. XIV, § 1. The central purpose of this constitutional guarantee is the prevention of official conduct discriminating on the basis of race. *Washington v. Davis*, 426 U.S. 229, 239, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). A § 1983 plaintiff alleging an equal protection violation must establish that the unlawful discrimination was intentional. See *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1025 (1998). Mr. Boyd states only that "this also had committed discrimination." Dkt. 5, p. 3. He does not allege who discriminated against him or the manner of that discrimination.

Mr. Boyd also purports to sue the "Puyallup Tribal Police," and a Puyallup Tribal officer who "worked together" with employees of the Emerald Queen Casino to have him charged with criminal trespassing. Dkt. 5, p. 3. In this regard, Mr. Boyd is advised that "[a]s a general proposition, Indian tribes are immune from suit in state or federal court." *United States v. Oregon*, 657 F.2d 1009, 1012 (9th Cir.1981), see also *Kiowa Tribe v. Mfg. Tech., Inc.*, 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). This protection includes businesses owned and operated by a tribe if it functions as an arm of the tribe. *See Marceau v. Blackfeet Hous. Auth.*, 455 F.3d 974, 978 (9th Cir.2006). It also extends to tribal officials acting in their official capacity and within the scope of their authority. See *Oregon*, 657 F.2d at 1012 n. 8 (citing *Davis v. Littell*, 398 F.2d 83, 84-85 (9th Cir.1968)). However, when tribal officials act beyond their authority, they lose their entitlement to the immunity of the sovereign. See *Santa Clara Pueblo v. Martinez*,

ORDER TO AMEND OR SHOW CAUSE- 7

436 U.S. 49, 59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). This immunity extends to individual tribal employees acting within the scope of their authority. *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 726-27 (9th Cir.2008) (plaintiff not allowed to bypass "tribal immunity merely by naming a tribal official ... [or] employee[ ] when they are sued in their official capacity.").

Due to the deficiencies described above, the Court will not serve the complaint. Mr. Boyd may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **November 20, 2009.** If Mr. Boyd chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2) the dates on which the conduct of each defendant allegedly took place; and

3) the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Boyd shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Boyd shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5573 BHS/KLS must be written in the caption. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

If Mr. Boyd decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the

ORDER TO AMEND OR SHOW CAUSE- 8

issues raised herein on or before **November 20, 2009**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Mr. Boyd the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

DATED this  26th  day of October, 2009.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 9