UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA E. BOYD,

                    Plaintiff,

    v.

PUYALLUP TRIBAL POLICE, *et al.*,

                    Defendants.

No. C09-5573 BHS/KLS

**REPORT AND RECOMMENDATION
NOTED FOR: December 18, 2009**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The court ordered Plaintiff Joshua E. Boyd to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim 42 U.S.C. § 1983. Dkt. 6. Mr. Boyd filed an Amended Complaint (Dkt. 11), but that amendment suffers from the same deficiencies as his original complaint. Dkt. 5. The undersigned concludes that further amendment would be futile and recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

## BACKGROUND

On October 13, 2009, Mr. Boyd was granted leave to proceed *in forma pauperis* (Dkt. 4) and the Clerk filed his Complaint. Dkt. 5. In his original complaint, Mr. Boyd purported to sue the Emerald Queen Casino, a security guard at the Emerald Queen Casino, and tribal officers of

REPORT AND RECOMMENDATION - 1

the Puyallup Indian Tribe for false imprisonment after a charge of criminal trespass was brought against him in Tacoma Municipal Court. Dkt. 5, p. 3. Mr. Boyd alleged that a "Puyallup Tribal officer along with employees of the Emerald Queen had worked together . . . to charge [him] with a crime of criminal trespassing in the first degree in Tacoma Municipal Court (Case #B00229679) which was Dismissed with Prejudice." *Id.* Mr. Boyd further alleged that this has "created false imprisonment," that he has lost his reputation, "which has become cruel and unusual punishment" under the 8th Amendment, and that he has been discriminated against. *Id.*

On October 26, 2009, the court advised Mr. Boyd that his pleading was deficient because Mr. Boyd: (1) failed to plead any extraordinary circumstances warranting intervention by this court in any ongoing state proceeding; (2) failed to name state actors acting under color of state law; (3) failed to allege facts amounting to an alleged claim of cruel and unusual punishment under the 8th Amendment; (4) failed to allege who discriminated against him or the manner of any discrimination; and (5) that Indian tribes are generally immune from suit in state or federal court. Dkt. 6, pp. 4-8.

On November 20, 2009, Mr. Boyd filed his First Amended Complaint, naming the Puyallup Tribal Police and "John Doe, et al.," officers of the Puyallup Tribal Police. Dkt. 11, pp. 1-2. Mr. Boyd alleges that unnamed officers of the Puyallup Tribal Police discriminated towards him "by being black by making [him] leave and acted that [he] was lying when talking to [his] mother that it was time to go to stop spending money." Dkt. 11, p. 3. Mr. Boyd further alleges that he was arrested and charged with a crime "that showed racism due to [his] race of color" when he had not committed any crime. *Id.* Because the Puyallup Tribal Police had not been told by any employees of the Emerald Queen Casino to remove him, his subsequent arrest amounts to cruel and unusual punishment. *Id.* Finally, Mr. Boyd alleges that "being arrested on

REPORT AND RECOMMENDATION - 2

the charge of criminal trespassing in the first degree" shows false imprisonment and violates "all rights stated above." *Id.*

Mr. Boyd seeks "nominal damages" in the amount of $300,000.00; punitive damages in the amount of $300,000.00, and compensatory damages in the amount of $300,000.00. Dkt. 11, p. 4.

## DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)). The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll*, 809 F.2d at 1448.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws

REPORT AND RECOMMENDATION - 3

of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

On the basis of these standards, the undersigned concludes that Mr. Boyd has failed to state a claim upon which relief can be granted.

It remains unclear whether Mr. Boyd is attempting to challenge his present incarceration at the Pierce County Jail and ongoing state proceedings relating to the trespassing charge. If so, Mr. Boyd was previously advised that federal courts will generally not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45 46 (1971); see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding;

(2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972). See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54.

Mr. Boyd has not plead any extraordinary circumstances warranting intervention by this court in any ongoing state proceeding.

Mr. Boyd has also failed to allege a claim of cruel and unusual punishment under the 8th Amendment. "While the eighth amendment proscribes cruel and unusual punishment for convicted inmates, the due process clause of the fourteenth amendment proscribes any punishment of pretrial detainees." *Redman v. County of San Diego*, 942 F.2d 1435, 1441, n. 7 (9th Cir.1991). Mr. Boyd alleges only that he is or was being subjected to cruel and unusual punishment because the Puyallup Tribal Police arrested him and charged him with a crime "that showed racism due to my race of color when no crime was committed at this time," even though the Tribal Police had not been directed by any Emerald Queen Casino employees to remove him. Dkt. 11, p. 3. These conclusory allegations that Mr. Boyd was subjected to cruel and unusual punishment because he was arrested and charged with a crime do not state a claim for cruel and unusual punishment under the Eighth Amendment.

REPORT AND RECOMMENDATION - 5

Mr. Boyd's claim that he was the subject of discrimination is also deficient. The Equal Protection Clause provides, in part, that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of its laws." U.S. Const. amend. XIV, § 1. The central purpose of this constitutional guarantee is the prevention of official conduct discriminating on the basis of race. *Washington v. Davis*, 426 U.S. 229, 239, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). A §1983 plaintiff alleging an equal protection violation must establish that the unlawful discrimination was intentional. See *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1025 (1998). Mr. Boyd alleges only that the Tribal Police through "John Doe et al." "discriminated towards me by being Black," and that because it was clear no crime had been committed at the time, his arrest and charge "showed racism due to my race of color." Dkt. 11, p. 3. As with his earlier complaint, Mr. Boyd has failed to allege who discriminated against him or the manner of that discrimination. His conclusory statements that he was arrested and charged simply because he is Black are not sufficient.

Despite being previously advised that Indian tribes are generally immune from suit in state or federal court absent a showing that the Puyallup Tribal Police were acting outside the scope of their authority, Mr. Boyd alleges only that the Puyallup Tribal Police should not have arrested him because he had not committed any crime. This is insufficient. "As a general proposition, Indian tribes are immune from suit in state or federal court." *United States v. Oregon*, 657 F.2d 1009, 1012 (9th Cir.1981), see also *Kiowa Tribe v. Mfg. Tech., Inc.*, 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). This protection includes businesses owned and operated by a tribe if it functions as an arm of the tribe. *See Marceau v. Blackfeet Hous. Auth.*, 455 F.3d 974, 978 (9th Cir.2006). It also extends to tribal officials acting in their official capacity and within the scope of their authority. See *Oregon*, 657 F.2d at 1012 n. 8 (citing *Davis*

REPORT AND RECOMMENDATION - 6

*v. Littell*, 398 F.2d 83, 84-85 (9th Cir.1968)). However, when tribal officials act beyond their authority, they lose their entitlement to the immunity of the sovereign. See *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). This immunity extends to individual tribal employees acting within the scope of their authority. *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 726-27 (9th Cir.2008) (plaintiff not allowed to bypass "tribal immunity merely by naming a tribal official ... [or] employee[ ] when they are sued in their official capacity.").

Mr. Boyd was previously advised of the deficiencies of his claims and was given an opportunity to amend his complaint to state a viable claim under § 1983. He has failed to do so.

## CONCLUSION

Mr. Boyd was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to amend his complaint to correct its deficiencies. Construing his amended pleading in the light most favorable to him and resolving all doubts in his favor, it is clear that has failed to state a claim upon which relief can be granted and that further amendment would be futile.

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g).** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 18, 2009,** as noted in the caption.

REPORT AND RECOMMENDATION - 7

**DATED** this  24th   day of November, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8